IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN H. BOONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 18-1356 (MN) |
| ) | |
| TRUMAN MEARS, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**<u>MEMORANDUM OPINION</u>**

Kevin H. Boone. *Pro se* Petitioner.

Sean P. Lugg, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

August 30, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kevin H. Boone ("Petitioner"). (D.I. 3). The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 20; D.I. 21). For the reasons discussed, the Court will deny the Petition.

**I.     BACKGROUND**

In December 2013, Petitioner pleaded guilty in the Delaware Superior Court to one count of dealing in child pornography and three counts possession of child pornography. (D.I. 20-1 at 2). The Superior Court sentenced Petitioner to a total of twenty-four years at Level V incarceration, to be suspended after serving three years in prison, for three years at decreasing levels of probation. (*Id*.). Special conditions of his probation included no unsupervised contact with minors under eighteen years of age and he was prohibited from internet access. (*Id*.). Petitioner did not appeal that decision.

On December 20, 2017, the Superior Court found Petitioner in violation of probation ("VOP") after a hearing. (D.I. 20 at 2). "Specifically, the alleged misconduct included that [Petitioner] made contact with a minor via a personal ad posted on the website Craigslist, had contact with a fourteen-year old male minor, traveled out of state with him, and that they engaged in sexual activity in Delaware and Pennsylvania in September and October 2017. Without details or admissions regarding the alleged sexual conduct, [Petitioner] admitted that he made contact with a minor and that he had accessed the internet – both in violation of his sentence. (D.I. 20-1 at 2-3). The Superior Court sentenced Petitioner to the remaining twelve years of Level V incarceration on the dealing in child pornography conviction, to be suspended upon his successful completion of the Transitions Sex Offender Program, followed by two and a half years at

decreasing levels of supervision. (D.I. 20-1 at 3). Petitioner did not filed a direct appeal of the VOP adjudication or sentence to the Delaware Supreme Court.[1]

On February 23, 2018, Petitioner filed in the Delaware Superior Court a motion for reduction of sentence, arguing that his sentence should be reduced because: (1) he engaged in good behavior while on probation; (2) he was gainfully employed in two jobs; (3) several character witnesses could vouch for him; and (4) he had a very good support system. (D.I. 18-1 at 4, Entry No. 22; D.I. 18-11 at 2). The Superior Court denied the motion on April 17, 2018. (D.I. 18-12). Petitioner did not appeal that decision.

On May 4, 2018, Petitioner filed in the Superior Court a motion to correct an illegal sentence, arguing that there was no valid aggravating factor warranting his "excessive" VOP sentence because the State had not filed new charges against him with respect to allegations that he contacted a minor. (D.I. 18-13 at 2). The Superior Court denied the motion on May 30, 2018, holding that Petitioner was not entitled to relief under Rule 35(a) because his "sentence does not exceed the statutory maximum, does not implicate double jeopardy, and is neither ambiguous nor contradictory." (D.I. 18-14 at 4). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on October 9, 2018. (D.I. 20-1 at 4); *see Boone v. State*, 195 A.3d 481 (Table), 2018 WL 4908383 (Del. Oct. 9, 2018). In August 2018, Petitioner filed the instant habeas Petition pending before the Court.

---

[1] Petitioner's conduct that violated his probation also violated Delaware law. On July 2, 2018, Petitioner was indicted on three counts of third degree rape and one count of unlawful sexual conduct against a child. (D.I. 20 at 6 n.21). On December 3, 2018, Petitioner pleaded guilty to two counts of third degree rape. *See Boone v. State*, No. 251, 2019, Order (Del. Oct. 28, 2019). On March 22, 2019, the Superior Court sentenced Petitioner to an aggregate of forty years of Level V incarceration, suspended after six years for five years of Level III probation. *Id*. at 1. The Delaware Supreme Court affirmed Petitioner's conviction and sentences on October 28, 2019. *Id*. at 3. The instant proceeding does not involve Petitioner's December 2018 convictions.

In October 2018, Petitioner filed in this Court a separate action pursuant to 42 U.S.C. § 1983. Among other claims in that case, Petitioner complained that his probation officer testified during the VOP hearing that he was a "high risk to reoffend" while treatment staff rate him as a "moderate risk to reoffend." *Boone v. Probation and Parole of New Castle County*, 2019 WL 1792300, at *1 (D. Del. Apr. 24, 2019). The Court dismissed Petitioner's § 1983 complaint as "legally frivolous" in April 2019. *See Boone v*, 2019 WL 1792300, at *3.

On November 1, 2018, Petitioner filed in the Delaware Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion") asserting five claims. One claim challenged his original 2013 convictions and the remaining four claims challenged his 2017 VOP adjudication and sentence. *See State v. Boone*, 2019 WL 423960, at *3 (Del. Super. Ct. Sept. 4, 2019). On September 4, 2019, a Superior Court Commissioner issued a report recommending the denial of Petitioner's Rule 61 motion relating to his 2017 VOP adjudication and sentence. *See Boone*, 2019 WL 423960, at *7. On December 23, 2019, the Superior Court adopted the Commissioner's Report and Recommendation and denied Petitioner's Rule 61 motion. *See State v. Boone*, 2019 WL 7166784 (Del. Super. Ct. Dec. 23, 2019). Petitioner did not appeal that decision.

On May 6, 2019, Petitioner filed in the Superior Court a petition for writ of habeas corpus. (D.I. 18-1 at 6, Entry No. 42). The Superior Court denied the petition on May 9, 2019. (D.I. 18-18). Petitioner did not appeal that decision.

On June 6, 2019, Petitioner filed in the Delaware Supreme Court a petition for writ of mandamus asking the Delaware Supreme Court to declare his 2017 VOP sentence illegal. (D.I. 18-5); *see Matter of Boone*, 214 A.3d 441 (Table), 2019 WL 3451809 (Del. Jul. 30, 2019). Petitioner contended that he was "illegally sentenced for a technical probation violation," and the sentence was "attained under a false pretense" because his probation officer committed perjury about the

results of Petitioner's risk assessment. (D.I. 18-5 at 1). The Delaware Supreme Court dismissed the mandamus petition on July 30, 2019 because "Petitioner had an adequate legal remedy. [He] could have appealed his VOP, but did not do so. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal." (D.I. 18-7 at 3); *see Matter of Boone*, 2019 WL 3415809, at *1.

## II. ANTITERORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[T] is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

### III. DISCUSSION

Petitioner's timely filed habeas Petition asserts the following four grounds for relief: (1) his 2017 VOP sentence exceeds SENTAC guidelines and the sentencing judge failed to provide a reason for exceeding the guidelines; (2) the probation officer engaged in "general bias and deceit" during the VOP hearing by lying about Petitioner's risk assessment; (3) the Transitions Sex Offender Program is being used as a blanket sentence for all sex offenders who violate probation regardless of the type of violation, and Petitioner's VOP sentence requires him to attend the Program even though he already completed it; and (4) the VOP sentence punishes Petitioner for unadjudicated offenses as well as for the violation of probation itself. (D.I. 3). All four Claims allege that the sentencing court committed an error of state law when determining Petitioner's VOP sentence,[2] and do not assert that Petitioner is imprisoned in violation of federal constitutional law.[3] Accordingly, the Court will deny Claims One, Two, Three, and Four for failing to assert issues cognizable on federal habeas review.[4]

---

[2] Notably, Petitioner also presented the Claims to the Delaware state courts as issues of state law and not as issues of federal constitutional law. For instance, Petitioner presented the issues contained in Claims One, Three, and Four to the Delaware Supreme Court on appeal from the Superior Court's May 30, 2018 denial of his motion for sentence correction, and argued the "superior court judge failed to abide by the sentencing guideline set forth in the SENTAC handbook." (D.I. 18-2 at 8). In his petition for writ of mandamus that he filed in the Delaware Supreme Court, Petitioner presented the issues contained in Claims One and Two and argued that the sentencing court did not follow the SENTAC bench book. (D.I. 18-5). Additionally, Petitioner's February 2018 motion for sentence reduction, his May 2018 motion for correction of sentence, and his November 2018 Rule 61 motion all presented the issues in Claims One through Four in terms of state law. (D.I. 18-11; D.I. 18-13; D.I. 18-15).

[3] The Constitution does not prohibit a sentencing court from considering unadjudicated conduct when determining a sentence. *See Williams v. People of State of N.Y.*, 337 U.S. 241, 244, 250-52 (1949) (evidence of the defendant's involvement in thirty previous burglaries for which he had not been convicted influence the sentencing court's decision

5

IV. **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

---

to impose the death penalty); *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("We have upheld the constitutionality of considering such previous conduct in [*Williams*].").

4  Petitioner filed the instant Petition in August 2018, but he did not present Claim Two to the Delaware Supreme Court until June 2019, when he filed his petition for writ of mandamus. (D.I. 18-5) As a result, the State contends that Claim Two should also be dismissed as procedurally barred because Petitioner did not exhaust state remedies before filing the instant Petition. (D.I. 20 at 11). Because the Delaware Supreme Court denied the mandamus petition during the pendency of this proceeding, the Court will not dismiss Claim Two as procedurally barred.

## V.  CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.